## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
_____

**NATALIE THOMPSON,**
**as next friend for D.B., a minor**,
                Plaintiff,

vs.

Case No.
Hon.

**SEAN McCAMMAN**, individually and in his official capacity,
**NATHAN MEAD**, individually and in his official capacity,
**PETER THOMPSON**, individually and in his official capacity, and
**CITY OF GRAND RAPIDS**.

_____/

| | |
|---|---|
| Keeley D. Heath (P68661) | Cynthia Heenan (P53664) |
| Joshua Blanchard (P72601) | Hugh M. Davis, Jr. (P12555) |
| MIEL & CARR, PLC | Constitutional Litigation Associates, PC |
| *Attorneys for Plaintiff* | *Co-Counsel for Plaintiff* |
| 309 S Lafayette St., Ste 208 | 450 W. Fort St., Ste. 200 |
| PO Box 938 | Detroit, MI 48226 |
| Greenville, MI 48838 | 313-961-2255/Fax: 313-922-5130 |
| 616-773-2945 / fax: 616-328-6501 | heenan@conlitpc.com |
| keeley@mielcarr.com | davis@conlitpc.com |
| josh@mielcarr.com | |

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1

NOW COMES the Plaintiff, Natalie Thompson, as next friend for D.B., a minor, by and through counsel and for his complaint against Defendants, jointly and severally, states as follows:

## JURISDICTION AND VENUE

1.     This is a civil action seeking damages against Defendants for committing acts under color of law, and depriving Plaintiff of rights secured by the Constitution and laws of the United States.

2.     At all relevant times, Defendants Sean McCamman, Nathan Mead, and Peter Thompson were acting in their capacities as duly appointed police officers for the Grand Rapids Police Department, in the City of Grand Rapids, County of Kent, State of Michigan.  They are sued in their individual capacities.

3.     Defendant City of Grand Rapids is a city organized under the laws of the State of Michigan.

4.     At all relevant times, Defendants were acting within the scope of their respective employment under color of law, cloaked with the authority which was granted to them.

5.     This cause of action arose in the County of Kent, State of Michigan. Venue is proper pursuant to 28 U.S.C. §1391.

6.      The Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 (federal question), under 28 U.S.C. §1343 (civil rights), and 28 U.S.C. §1367 (supplemental Jurisdiction over state claims).

7.      Plaintiff D.B. is a citizen and resident of the State of Nevada and a citizen of the United States. Natalie Thompson, next friend of D.B., is a citizen and resident of Grand Rapids, State of Michigan and a citizen of the United States.

8.      At all times material to this Complaint, these Defendants acted toward Plaintiff under color of the statutes, ordinances, customs and usage of the State of Michigan and City of Grand Rapids.

## COMMON ALLEGATIONS OF FACT

9.      The Defendants unreasonably and illegally seized Plaintiff, arrested and prosecuted him without probable cause and used excessive and unreasonable force against Plaintiff, made an unreasonable search and seizure of the property and person of Plaintiff and unreasonably deprived Plaintiff of his property thereby depriving Plaintiff of his rights, privileges and immunities as guaranteed by the Fourth Amendment to the Constitution of the United States.

10.      Natalie Thompson is the mother of D.B., a minor.

11.     During the evening hours of June 13, 2014, Plaintiff was lawfully present on the sidewalk in the area of Diamond Avenue and Logan Avenue in the City of Grand Rapids, Michigan (hereinafter, "the Location").

12.     At approximately 9:00 pm on June 13, 2014, Defendants Mead and Thompson were dispatched to the area of Dolbee Avenue SE and Dunham Street SE in the City of Grand Rapids.

13.     The dispatch was based on a report by a 911 caller, who stated that she had overheard neighbors, whom she did not identify, stating that they believed there was a black male in the area carrying a gun.

14.     The 911 caller was not known to Defendants.

15.     The identity of the neighbors whom the 911 caller overheard making the statements about a black male with a gun was never established by dispatchers or Defendants.

16.     Dispatchers relayed multiple descriptions of the black male to Defendants.

17.     Dispatchers relayed that the black male was believed to be wearing a white shirt and blue jeans.

18.     Dispatchers also relayed that the black male was believed to be wearing a red sweatshirt and riding a bike.

19.     When Defendants Mead and Thompson arrived in the area of Dolbee Avenue SE and Dunham Street SE, they did not find anyone matching either of the descriptions given by dispatchers.

20.     Defendants Mead and Thompson proceeded to the Location, where they saw Plaintiff D.B. on the sidewalk in a group totaling five young black men.

21.     Without cause or reasonable suspicion to believe that Plaintiff D.B. was involved in criminal activity, Defendants Mead and Thompson ordered Plaintiff and the other young men in the group to stop.

22.     Plaintiff D. B. turned and exited the Location to the South on foot.

23.     Two other members of the group also exited the Location in another direction.

24.     At that time, Officer Ryan Manzer and Defendant McCamman arrived at the Location.

25.     Defendant Mead and Officer Manzer began to chase Plaintiff D.B., despite having no cause to believe that Plaintiff was involved in any criminal activity.

26.     Defendant Thompson eventually joined the pursuit of Plaintiff D.B., along with Defendant McCamman.

27.     Defendant McCamman was the first to reach Plaintiff D.B., who was attempting to scale a fence in order to get away from Defendants.

28.     Defendant McCamman pulled Plaintiff off from the fence and threw him to the ground, face first.

29.     Plaintiff was unarmed and did not resist the Defendants.

30.     Defendant McCamman struck Plaintiff in the head multiple times with both his fist and the bulb end of his flashlight.

31.     Defendant McCamman intended to use deadly force when he struck Plaintiff in the head.

32.     While Defendant McCamman was striking Plaintiff in the head, Plaintiff held his hands behind his head, attempting to defend against the blows being struck by Defendant McCamman.

33.     Plaintiff took no action to place Defendant McCamman in danger of harm or in reasonable fear of harm.

34.     Defendant McCamman inflicted significant and permanent injuries to Plaintiff as a result of the force used on Plaintiff.

35.     The blows to the head inflicted upon Plaintiff by Defendant McCamman caused extreme pain and temporary loss of consciousness to Plaintiff.

36.     The blows to the head inflicted upon Plaintiff by Defendant McCamman caused Plaintiff to suffer long-term effects including, but not limited to, loss of speech, stuttering, periodic loss of consciousness, frequent falls and gait instability, nausea, vomiting, severe headaches, sensitivity to light and noise,

severe muscle spasms in the upper back and neck, exacerbation of Attention

Deficit Hyperactivity Disorder, and loss of impulse control.

37.     The blows to the head inflicted upon Plaintiff by Defendant

McCamman further impacted Plaintiff in causing him to be unable to attend

school, delaying his high school graduation by at least one year, impacting his

grades, preventing him from playing contact sports such as football, and preventing

him from playing other sports, such as basketball, at the elite level in which he

previously played.

38.     The damages sustained by Plaintiff are of a continuing nature.

39.     The blows to the head inflicted by Defendant McCamman upon

Plaintiff were against the will of Plaintiff

40.     Defendant Thompson was present when Defendant McCamman was

hitting Plaintiff in the head.

41.     Defendant Thompson did nothing to stop Defendant McCamman from

hitting Plaintiff.

42.     Defendants McCamman, Thompson, and Mead seized Plaintiff and

detained him against his will.

43.     The Defendants were without lawful authority to seize or detain

Plaintiff.

44.     Defendants seized the cell phone of Plaintiff on June 16, 2014, without a warrant or other legal justification.

45.     Plaintiff was transported to the hospital for emergency medical treatment for the injuries inflicted by Defendant McCamman.

46.     After being treated at the hospital, on June 14, 2014, Plaintiff was detained in the Kent County juvenile detention facility until June 16, 2014.

47.     Plaintiff was charged as a juvenile with Resisting and Obstructing a Police Officer and Carrying a Concealed Weapon on June 19, 2014.

48.     Defendants alleged that a gun was located near the Location that they believed was being carried by Plaintiff at some point prior to Defendant McCamman's beating of Plaintiff.

49.     On March 2, 2015, Plaintiff's motion to dismiss the charge of Resisting and Obstructing a Police Officer was granted by the Hon. Kathleen Feeney in the Kent County Circuit Court – Family Division, who found that reasonable suspicion to stop Plaintiff at the Location did not exist; therefore, Plaintiff did not disobey the lawful command of a police officer when he exited the Location despite Defendants' command to stop.

50.     On April 29, 2015, Plaintiff began a jury trial on the remaining charge of Carrying a Concealed Weapon.

51.     On May 1, 2015, the jury found Plaintiff not guilty of the single

charge of Carrying a Concealed Weapon.

52.     Plaintiff has suffered damages including, but not limited to, pain and

suffering, medical expenses, embarrassment, loss of property, and loss of liberty as

a result of the Defendants' unlawful conduct.

## COUNT I – FOURTH AMENDMENT VIOLATION (STOP, SEIZURE, EXCESSIVE FORCE, ARREST, PROPERTY SEIZURE)

53.     Plaintiff alleges and realleges the preceding paragraphs with the same

force and effect as if fully set forth herein

54.     Plaintiff's Fourth Amendment rights to be free from unreasonable

search and seizure were violated by:

> a. Defendants Mead and Thompson initial order to Plaintiff D.B.
>    to stop;
>
> b. Defendants' pursuit of Plaintiff D.B.;
>
> c. Defendants' seizure of D.B. (taking him off the fence);
>
> d. Defendant McCamman's use of unreasonable and excessive
>    force;
>
> e. Defendants' arrest of D.B. without probable cause;

  f. Defendants' seizure of Plaintiff's D.B. property (cell phone);

   and

  g. Defendants Mead and Thompson's failure to intervene to

   prevent:

    i. Defendant McCamman's excessive force in beating of
     Plaintiff D.B.;

    ii. The seizure and arrest of Plaintiff D.B.; and

    ii. The seizure of Plaintiff D.B.'s property.

55. Reasonable police officers should have known of these rights, and therefore, Defendants are not cloaked with qualified immunity.

56. As a direct and proximate result of Defendants actions, Plaintiff suffered a loss of his liberty, experienced pain and suffering, property loss, medical expenses, suffered humiliation, and other damages.

**WHEREFORE**, Plaintiff requests this Court enter Judgment against Defendants, jointly and severally, in whatever amount is fair, just, and equitable for the injuries and damages, compensatory and punitive, so wrongfully sustained by Plaintiff together with interest, costs, and attorney fees under 42 USC §1988.

## COUNT II – FOURTH AMENDMENT VIOLATION (PROSECUTION WITHOUT PROBABLE CAUSE)

57. Plaintiff alleges and realleges the preceding paragraphs with the same force and effect as if fully set forth herein.

58.     Defendants McCamman, Mead, and Thompson intentionally and maliciously instituted criminal charges against Plaintiff D.B. for resisting and obstructing police officers against Plaintiff without probable cause, by providing misleading information and/or by omitting relevant and material information to the prosecuting attorney to investigate the charge.

59.     The criminal case for resisting and obstructing a police officer against Plaintiff was dismissed, resulting in termination of the charge in Plaintiff's favor.

60.     Defendants McCamman, Mead, and Thompson acted maliciously and with reckless disregard of the law and the legal rights of Plaintiff in causing criminal charges to be instituted and prosecuted against Plaintiff D.B..

61.     Plaintiff was unreasonably and wrongfully subjected to embarrassment, humiliation, fear, arrest and detention against his will, criminal charges, legal expenses and pain and suffering by the illegal acts of Defendants McCamman, Mead, and Thompson.

**WHEREFORE**, Plaintiff requests this Court enter Judgment against Defendants, jointly and severally, in whatever amount is fair, just, and equitable for the injuries and damages, compensatory and punitive, so wrongfully sustained by Plaintiff together with interest, costs, and attorney fees under 42 USC §1988.

## COUNT III – MUNICIPAL LIABILITY / FAILURE TO TRAIN AND/OR SUPERVISE

62.     Plaintiff alleges and realleges the preceding paragraphs with the same force and effect as if fully set forth herein.

63.     Defendant City of Grand Rapids failed to adequately train and/or supervise Defendants McCamman, Mead, and Thompson regarding the Fourth Amendment to the United States Constitution.

64.     Defendant City of Grand Rapids was deliberately indifferent to the need to adequately train and/or supervise Defendants McCamman, Mead, and Thompson, and knew or should have known that failure to properly train and/or supervise these Defendants would result in the violation of the Fourth Amendment rights of Plaintiff and others similarly situated.

65.     The failures by Defendant City of Grand Rapids can fairly be said to represent a policy for which they are liable for the resulting harm to Plaintiff.

66.     Defendant City of Grand Rapids knew or in the exercise of reasonable diligence should have known that the conduct of the Defendants McCamman, Mead, and Thompson was likely to occur in the absence of proper training and/or supervision.

67.     Defendant City of Grand Rapids failed to take any effective preventative or remedial measures to guard against the conduct of Defendants McCamman, Mead, and Thompson more fully set forth and described herein.

68.     Had Defendant City of Grand Rapids taken such measures, Plaintiff would not have suffered the deprivation of his rights fully set forth herein. The failure of Defendant City of Grand Rapids amounted to deliberate indifference, or deliberate misconduct, which directly caused the deprivations suffered by Plaintiff.

69.     Defendant City of Grand Rapids either knew or should have known of the widespread and pervasive policy of their employees to engage in unlawful stops, detentions, searches and seizures, and the use of excessive force.

70.     The violations of Plaintiff's rights as described herein resulted from policies, patterns, or practices of Defendant City of Grand Rapids' police department and/or the failure of the Defendant City of Grand Rapids' police department to adequately discipline, supervise, and/or train Defendants McCamman, Mead, Thompson, and others.

71.     Defendant City of Grand Rapids was deliberately indifferent to the likelihood that their policies, patterns, or practices and/or the failure of the police department to adequately discipline, supervise, and/or train Defendants McCamman, Mead, Thompson, and others would result in violations of the constitutional rights of Plaintiff and others.

72.     As a direct and proximate result of Defendants' actions, Plaintiff suffered a loss of his liberty, loss of property, experienced physical pain and suffering, suffered humiliation, and other damages.

WHEREFORE, Plaintiff requests this Court enter Judgment against

Defendant City of Grand Rapids, in whatever amount is fair, just, and equitable for

the injuries and damages, compensatory and punitive, so wrongfully sustained by

Plaintiff together with interest, costs, and attorney fees under 42 USC §1988.

## COUNT IV – ASSAULT AND BATTERY

73.    Plaintiff alleges and realleges the preceding paragraphs with the same

force and effect as if fully set forth herein.

74.    Defendant McCamman intended to cause a harmful and/or offensive

contact with Plaintiff.

75.    Defendant McCamman's aforementioned actions constitute harmful

and offensive contact with Plaintiff.

76.    As a direct and proximate result of Defendant McCamman's actions,

Plaintiff suffered a loss of his liberty, medical expenses, experienced pain and

suffering, suffered humiliation, and other damages.

WHEREFORE, Plaintiff requests this Court enter Judgment against

Defendants, jointly and severally, in whatever amount is fair, just, and equitable

for the injuries and damages, compensatory and punitive, so wrongfully sustained

by Plaintiff together with interest, costs, and attorney fees under 42 USC §1988.

## COUNT V – STATE MALICIOUS PROSECUTION

77.    Plaintiff alleges and realleges the preceding paragraphs with the same force and effect as if fully set forth herein.

78.     The Defendants instituted criminal proceedings against Plaintiff D.B for Resisting and Obstructing a Police Officer.

79.    There was no probable cause to support the proceedings instituted by the Defendants.

80.    The criminal proceedings against Plaintiff D.B. were terminated in his favor.

81.    The Defendants acted with malice in instituting criminal proceedings against the Plaintiff D.B., including but not limited to having a purpose of insulating themselves from civil liability for their beating of Plaintiff D.B.

82.    Plaintiff was unreasonably and wrongfully subjected to embarrassment, humiliation, fear, arrest and detention against his will, criminal charges, legal expenses and pain and suffering by the illegal acts of Defendants McCamman, Mead, and Thompson.

**WHEREFORE**, Plaintiff requests this Court enter Judgment against Defendants, jointly and severally, in whatever amount is fair, just, and equitable for the injuries and damages, compensatory and punitive, so wrongfully sustained by Plaintiff together with interest, costs, and attorney fees.

15

Respectfully submitted,

Dated: December 23, 2015

/s/ Joshua A. Blanchard
_____

Joshua Blanchard (P72601)
Keeley D Heath (P68661)
MIEL & CARR, PLC
*Attorneys for Plaintiff*
309 S. Lafayette St., Ste 208
PO Box 938
Greenville, MI 48838
(616) 773-2945/Fax: (616) 328-6501
keeley@mielcarr.com
josh@mielcarr.com


Cynthia Heenan (P53664)
Hugh M. Davis, Jr. (P12555)
Constitutional Litigation Associates, PC
*Co-Counsel for Plaintiff*
450 W. Fort St., Ste. 200
Detroit, MI 48226
(313) 961-2255/Fax: (313) 922-5130
heenan@conlitpc.com
davis@conlitpc.com

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
_____

**NATALIE THOMPSON,**
**as next friend for D.B., a minor**,
               Plaintiff,                       Case No.
                                                         Hon.

vs.

**SEAN McCAMMAN**, individually and in his official capacity,
**NATHAN MEAD**, individually and in his official capacity,
**PETER THOMPSON**, individually and in his official capacity, and
**CITY OF GRAND RAPIDS**.

_____/

| | |
|---|---|
| Keeley D. Heath (P68661) | Cynthia Heenan (P53664) |
| Joshua Blanchard (P72601) | Hugh M. Davis, Jr. (P12555) |
| MIEL & CARR, PLC | Constitutional Litigation Associates, PC |
| *Attorneys for Plaintiff* | *Co-Counsel for Plaintiff* |
| 309 S Lafayette St., Ste 208 | 450 W. Fort St., Ste. 200 |
| PO Box 938 | Detroit, MI 48226 |
| Greenville, MI 48838 | 313-961-2255/Fax: 313-922-5130 |
| 616-773-2945 / fax: 616-328-6501 | heenan@conlitpc.com |
| keeley@mielcarr.com | davis@conlitpc.com |
| josh@mielcarr.com | |

_____/

## JURY DEMAND

Plaintiff requests a jury for all issues so triable in this case.

17

Respectfully submitted,


/s/ Joshua A. Blanchard
_____
Keeley D Heath (P68661)
Joshua Blanchard (P72601)
MIEL & CARR, PLC
*Attorneys for Plaintiff*
309 S. Lafayette St., Ste 208
PO Box 938
Greenville, MI 48838
(616) 773-2945/Fax: (616) 328-6501
keeley@mielcarr.com
josh@mielcarr.com

Cynthia Heenan (P53664)
Hugh M. Davis, Jr. (P12555)
Constitutional Litigation Associates, PC
*Co-Counsel for Plaintiff*
450 W. Fort St., Ste. 200
Detroit, MI 48226
(313) 961-2255/Fax: (313) 922-5130
heenan@conlitpc.com
davis@conlitpc.com